UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DEWAYNE LETNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:06-cv-443 |
| ) | (Phillips/Guyton) |
| CITY OF OLIVER SPRINGS, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 21] of the Honorable Thomas W. Phillips, United States District Judge, for disposition of Plaintiff's Motion for Sanctions for Defendant's Failure to Comply with Discovery Orders [Doc. 20]. The Court held a hearing on this motion on July 19, 2007.

The plaintiff Dewayne Letner moves the Court pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure for sanctions against the defendant City of Oliver Springs for failure to comply with the Court's Orders regarding discovery and pretrial disclosures. [Doc. 20]. For grounds, the plaintiff states that the defendant City of Oliver Springs has never served upon the plaintiff Rule 26(a)(1) initial disclosures or Rule 26(a)(3) pretrial disclosures. Additionally, the plaintiff states that the plaintiff served written discovery upon the defendant and later filed a motion to compel responses to these requests. No response to this motion was forthcoming, and on June 6, 2007, the Court granted the motion to compel and ordered the defendant to respond to the plaintiff's discovery requests within twenty (20) days. [Doc. 12]. In that Order, the Court

admonished the defendant that "failure to cooperate in discovery and to follow the Orders of this Court may result in monetary sanctions and possibly the entry of judgment against it." Despite the Court's Order, as of June 26, 2007, the date that the motion for sanctions was filed, the plaintiff had not received the discovery responses.

At the hearing on July 19, 2007, the defendant's counsel advised the Court that the discovery responses were produced on June 27, 2007, 21 days after the Court's Order of June 6, 2007. Counsel also advised that a witness list and an exhibit list had been filed, and that copies of the plaintiff's time records had been produced. Counsel for the plaintiff advised the Court that, while the defendant's witnesses were not disclosed timely, she has had the opportunity to depose these witnesses. With respect to the copies of the time records produced by the defendant, counsel for the plaintiff advised the Court that many of these copies were illegible, and that a defense witness had represented to her during a deposition that the original records were in storage at the defendant's facility in Oliver Springs. Accordingly, plaintiff's counsel scheduled an appointment for a paralegal to come to the defendant's facility and inspect these original records. However, when the paralegal arrived, she was advised that the records could not be found. Defendant's counsel confirmed that the copies of these original records had been made after this lawsuit had been filed, but that the original records now cannot be located.

The plaintiff argues that the defendant's failure to make timely disclosures and to timely respond to discovery requests warrant the imposition of sanctions. The plaintiff seeks sanctions for the costs incurred by counsel's paralegal in traveling to Oliver Springs to inspect the original time records and for the attorney's fees incurred in pursuing this motion and in obtaining discovery from the defendant. The plaintiff requests sanctions in the amount of $1,000.00.

The Court finds that the imposition of sanctions is warranted in this case. The defendant failed to make timely initial disclosures or pretrial disclosures, as required by this Court's Scheduling Order [Doc. 8], and further failed to comply with this Court's Order of June 6, 2007 [Doc. 12]. Additionally, the Court finds that the defendant caused the plaintiff unnecessary expense by allowing counsel's paralegal to travel to Oliver Springs to inspect records that the defendant now claims cannot be located. The Court finds that the defendant has not made a showing that its failure to cooperate in discovery was substantially justified or that an award of expenses would otherwise be unjust. See Fed. R. Civ. P. 37(b)(2).

Accordingly, Plaintiff's Motion for Sanctions for Defendant's Failure to Comply with Discovery Orders [Doc. 20] is **GRANTED**. The defendant City of Oliver Springs is hereby **ORDERED** to pay the plaintiff Dewayne Letner, within twenty (20) days of the entry of this Order, the amount of One Thousand Dollars ($1,000.00) as sanctions for the defendant's failure to cooperate in discovery and to comply with the Court's Orders.

**IT IS SO ORDERED.**

                                                **ENTER:**

                                           s/ H. Bruce Guton
                                           United States Magistrate Judge