# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

DEWAYNE LETNER,            )
                           )
v.                         )     No. 3:06-CV-443
                           )     (Phillips)
CITY OF OLIVER SPRINGS     )

## MEMORANDUM OPINION

This matter is before the court on the plaintiff's motion for award of attorney's fees and costs [Doc. 43].  Plaintiff seeks an award of attorney and paralegal fees in the amount of $39,662.00 and costs of $1,850.24.  Defendant City of Oliver Springs has not responded to the motion, and pursuant to LR 7.2, the City has waived any opposition to the relief sought.

The Fair Labor Standards Act expressly provides that in an action by an employee against his employer for recovery of unpaid overtime compensation, the court shall, "in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee to be paid by the defendant and costs of the action." 29 U.S.C. § 216(b).  In evaluating attorney's fees awards, the federal courts have recognized that paralegal time is compensable because proper allocation of tasks between partners, associates, law clerks, and paralegals helps to achieve an economy of resources.  *See Jacobs v. Mancuso,* 825

F.2d 559, 563 (1st Cir. 1987); *McBroom v. Western Elec. Co., Inc.,* 526 F.Supp. 831, 836 (M.D.N.C. 1981).

In this action, plaintiff received a verdict for $21,107.68 in unpaid overtime compensation. The court also awarded liquidated damages pursuant to 29 U.S.C. § 260 in the amount of $21,107.68. In addition, the court added $1,000.00 to the judgment based upon the magistrate judge's order for sanctions in the amount of $1,000.00 for the City's failure to comply with discovery requests. The record is clear that the City of Oliver Springs had no intention of paying any part of the overtime compensation due to plaintiff unless and until it was forced to do so by a judgment of this court. Accordingly, the services of plaintiff's attorneys in this action were necessary in order to vindicate the plaintiff's rights and the purposes of the Fair Labor Standards Act.

In support of his motion, plaintiff submitted the affidavit of his attorney, Adrienne L. Anderson, and the affidavit of Pamela Reeves, a Knoxville attorney with extensive experience in labor and employment law. Ms. Anderson's affidavit includes itemized time records detailing the tasks performed and services provided by Ms. Anderson, attorney Robert P. Murrian, and paralegals Barbara Infante and Tina McCarter. The total number of attorney hours and paralegal hours for which plaintiff seeks compensation are 170.7 hours for attorney Anderson, .2 hours for attorney Murrian, and 73.8 hours for the two paralegals. As set forth in Ms. Anderson's affidavit, the rate charged for her services is $200.00 per hour; for Mr. Murrian $220.00 per hour; for Ms. Infante

$80.00 per hour; and for Ms. McCarter, $70-$75.00 per hour. Pamela Reeves, in her affidavit, states that these rates are within the range of rates typically charged by attorneys for similar work rendered by attorneys and paralegals with similar education and experience in the Knoxville area.

Accordingly, the court finds that the hours expended and the rates charged for the attorney and paralegal services rendered in this action are fair and reasonable, and the total amount of $39,662.00 is reasonable.

In addition to attorney fees, plaintiff seeks an award of the costs that he incurred in this action. These costs include court filing fees, witness fees and mileage reimbursement fees for witnesses who were served with subpoenas for depositions and/or trial, court reporter fees for depositions, and copying costs. The federal courts have recognized that such expenses are recoverable as costs under 29 U.S.C. § 216(b). *See Walton v. United Consumer Club, Inc.,* 786 F.2d 303, 316 (7th Cir. 1986); *Shorter v. Valley Bank & Trust Co.,* 678 F.Supp. 714, 726 (N.D.Ill. 1988). The court finds that plaintiff's request for an award of $1,850.24 in costs is fair and reasonable.

Accordingly, for the reasons stated above, plaintiff's motion for award of attorney's fees and costs [Doc. 43] is **GRANTED,** whereby plaintiff is **AWARDED** attorney's fees of $39,662.00 and costs of $1,850.24 to be paid by the City of Oliver Springs.

**IT IS SO ORDERED.**

    **ENTER:**

     <u>s/ Thomas W. Phillips</u>
     United States District Judge